## JOSEPH C. BELLAMY v. JOSEPH H. PIPPIN.

Upon a motion by the defendant for a new trial in an action for damages, *it is not error* for the Court to refuse to hear the evidence of a juror, for the purpose of showing that in ascertaining the amount of damages the jury did not consider that some of the property was probably damaged before the cause of action arose, there being no evidence to that effect.

Whether a sale of trees for saw logs carries anything more than the body of the tree, in the absence of a special agreement to the contrary, *Quere?*

This was a CIVIL ACTION, tried before *Seymour, J.*, at July Term, 1876, of EDGECOMBE Superior Court.

The statement of this case sent up to this court as a part of the record is voluminous, and contains much matter not pertinent to the points decided. All the facts necessary to understand the decision of this court are fully stated in the opinion of Justice READE.

In the court below, there was a verdict in favor of the plaintiff, whereupon the defendant moved for a new trial. The motion was overruled and judgment rendered; from which judgment an appeal was craved and granted.

*W. H. Johnson*, for the appellant.
*Fred. Phillips*, contra.

READE, J. The plaintiff owning a timbered tract of land and the defendant owning a saw-mill, it was agreed between them that the defendant should have all the trees on the land suitable for saw logs, at fifty cents a tree, and saw them into lumber.

The defendant cut and sawed a large number of the trees, some of which he did not pay for, and left a considerable number standing, which he declined to take or pay for. The plaintiff had a verdict for the unpaid for cut trees at the price agreed on, and for the standing trees at twenty-cents each.

The defendant does not complain of any error in the charge of the Judge, upon which this verdict is founded, but does complain that the jury in fixing the price of the standing trees, did not consider that some of them were probably doty. Whether they did or did not, does not appear. But the defendant offered to prove that they did not, by some of the jurors, and his Honor refused to hear the evidence on the motion for a new trial ; and of this the defendant complains. We think his Honor was right.

2. The defendant put in a counter claim, that in buying the trees for saw logs he was entitled not only to the body of the trees, but to the laps also, and that he left the laps upon the land; and that the plaintiff took some of them for wood; and that he then forbade the plaintiff to take any more ; and that they remain upon the land now ; and so he claims not only the value of the laps which the plaintiff took, but the value of those which remain and which he was forbidden to take. The jury allowed his claim for what the plaintiff took, and refused to allow his claim for what remained.

The defendant has no right to complain. He got all that he was entitled to, to say the least. How could he be entitled to recover for what the plaintiff did not take, and which he was forbidden to take. But besides that, it is at least questionable whether a sale of trees for saw logs carries anything more than the *body* of the tree. It is stated in the case that there was no agreement about the laps. But let it be that the laps were the defendant's, still he has nothing to complain of, because he has been allowed for what the plaintiff took, and what remains are the defendant's still. If the plaintiff shall take them, or refuse to let the defendant take them, as it is stated he has done, since the commencement of this action, then the defendant may bring his action and try his title if he thinks proper to risk it.

There is no error.

PER CURIAM.                    Judgment affirmed.